## First National Bank of Chicago v. Charles W. Kelsay.

1. BANKS AND BANKING—*Right to Appropriate Balances.*—A bank having money deposited on call, may apply the same to the payment of the demand notes of the depositor held by it, without first demanding payment of the notes.

**Memorandum.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed April 30, 1894.

The opinion states the case.

APPELLANT'S BRIEF, ORVILLE PECKHAM, ATTORNEY.

Money deposited in a bank does not remain the property of the depositor upon which the bank has a lien only, but it becomes the absolute property of the bank, and the bank is merely a debtor to the depositor in an equal amount. Foley v. Hill, 1 Phillips, 399, and 2 H. L. Cas. 28; Bank of Republic · v. Millard, 10 Wall. 152; Carr v. Nat. Security Bank,

107 Mass. 45. So long as the balance of account to the credit of the depositor exceeds the amount of any debts due and payable by him to the bank, the bank is bound to honor his checks, and liable to an action by him if it does not. When he owes to the bank independent debts, already due and payable, the bank has the right to apply the balance of his general account to the satisfaction of any such debts of his. But if the bank, instead of so applying the balance, sees fit to allow him to draw it out, neither the depositor nor any other person can afterward insist that it should have been so applied. Nat. Mahaiwe Bank v. Peck, 127 Mass. 298; Commercial Bank v. Hughes, 17 Wend. 94; Home Nat. Bank v. Newton, 8 Brad. 563; Marsh v. Oneida Central Bank, 34 Barb. (N. Y.) 298; Second Nat. Bank v. Hill, 40 Am. Rep. 239; Morse on Banks and Banking (3d Ed.), Sec. 337.

King & Gross, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The real facts of this case, although easily made the text for vituperation, are not difficult of ascertainment, and furnish a complete defense to the bank.

Cheverton, Martin & Co., doing business under the name of West Chicago Bank, were customers of the appellant. June 2, 1893, Cheverton had conversations with the vice-president of the appellant bank, the result of which was that the vice-president advised Cheverton to close his doors. On the books of the appellant there stood to the credit of the West Chicago Bank $598.16, but as on the credit side of the account items were entered which were not yet collected, it could then be told that some of those items would not have to be charged back for non-payment.

The appellant held the demand note of Cheverton, Martin & Co. for $5,000. Clearly, as a first step toward applying as payment on that note, the balance that Cheverton, Martin & Co. had with the appellant, the vice-president had the apparent balance put into a certificate of deposit, payable to an officer of the appellant as such officer, and charged it in

the account. On the 5th, finding that eighty-eight cents of the items had come back unpaid, the first certificate of deposit was credited to the account, the item charged, and a new certificate issued for $597.28 and charged to the account. On the 9th that certificate was applied as a credit upon the note.

The right to apply the credit balance as payment on the note existed without reference to the financial condition of Cheverton, Martin & Co. The steps, begun on the 2d, in the exercise of that right, took off of the books of the appellant, all appearance of a fund upon which Cheverton, Martin & Co. could check, and the particular method of book-keeping, by which the application was finally made to appear, concerned nobody but the appellant. The appellee held checks of West Chicago Bank on appellant to the amount of $500, which were presented for payment and payment refused June 5th.

The testimony on the part of the appellee is that again on the 8th the checks were presented, and that the officers of the bank said that the debt of the West Chicago Bank to the appellant was not due, but still payment was refused.

It appears that the steps taken on the 2d and 5th as to certificates of deposit and charging the account, were by other officers than those seen on the 8th. Whatever may have been said on the 8th, the rights and obligations of the parties are dependent upon the real facts.

The court refused an instruction asked by the appellant, as follows:

" The jury are instructed, that in order for the holder of a check to maintain an action thereon against the bank on which it is drawn, he must show that when it was presented for payment, the bank owed the drawer a sufficient sum to pay it; and that, therefore, in this case, if they find from the evidence that on June 2, 1893, the West Chicago Bank had a credit balance in its account as a depositor with the defendant of $597.28, or thereabouts, but that the defendant, on that day or thereafter, prior to the presentation of the checks in suit to the defendant for payment, appro-

priated the said balance as a payment on account of a note of said West Chicago Bank to the defendant, payable on demand, in consequence of which appropriation there were no funds of said West Chicago Bank in the hands of the defendant for payment of checks when said checks were presented for payment, then the law is that the defendant had the right to make such appropriation, and moreover had the right to make it without first demanding payment of the note, and the verdict should be for the defendant, and the form of the verdict should be, "We, the jury, find the issues for the defendant."

The instruction should have been given, and on the facts, the court should have granted a new trial.

It is to be assumed that acts done in the ordinary course of business in a bank, by an officer of a bank, are within his authority, and therefore what the vice president commenced on the 2d, was then an appropriation of the credit balance, as it might turn out to be in fact, to the payment of the note.

The judgment is reversed and the cause remanded.